IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS RILEY, as Independent Administrator to the estate of CYNTHIA SUDOR, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. ) |
| UNITED STATES OF AMERICA, | ) ) JURY DEMANDED |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES Plaintiff, MARCUS RILEY, as independent administrator to the estate of CYNTHIA SUDOR, by and through his attorney, Dean J. Caras, and complaining of Defendant, UNITED STATES OF AMERICA, states as follows:

### INTRODUCTION

1. This is an action against the Defendant, United States of America, under the Federal Tort Claims Act, (28 U.S.C.§2671, *et. seq.*) and 28 U.S.C §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to decedent, Cynthia Sudor, by Erika Searles, M.D. at Advocate Trinity Hospital, Chicago, IL.

2. The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C.§2671, *et. seq.*) and 28 U.S.C §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Plaintiff, Marcus Riley, as independent administrator to the estate of Cynthia Sudor, has fully complied with the provisions of 28 U.S.C.§2675 of the Federal Tort Claims Act ("FTCA"). *Standard Form 95 attached as Exhibit 1.*

1

4. This suit has been timely filed, in that Plaintiff Riley timely served notice of his claim on the Department of Health and Human Services less than sixty days from the dismissal of civil action in the case of *Marcus Riley, as Independent Administrator of the estate of Cynthia Sudor v. Advocate Trinity Hospital, et. al.* with case number 17-cv-07973 for failure to exhaust administrative remedies pursuant to 28 U.S.C. §2679(d)(5).

5. Plaintiff Riley is now timely filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the Department of Health and Human Services March 22, 2018 notice of denial of the administrative tort claim. *Administrative Tort Claim Denial Letter attached as Exhibit 2.*

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff, Marcus Riley, is the duly appointed Independent Administrator of the Estate of Cynthia Sudor (the "decedent"), having been appointed Independent Administrator by the Probate Division of the Circuit Court of Cook County on January 24, 2017. This action is brought by Marcus Riley in his capacity as Independent Administrator of the Estate of Cynthia Sudor, on behalf of the Estate and on behalf of the survivors, Janiyah Sudor, Marcus Riley Jr., Marquis Riley, and Makayla Sudor, the four biological minor children of the decedent.

7. Defendant, United States of America, is subject to suit for a death caused by the negligent and wrongful acts and omission of the employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

8. That at all times relevant herein, Cynthia Sudor, deceased, was an individual residing in the City of Chicago, County of Cook, State of Illinois.

9. Defendant, United States of America, through its agency, Department of Health and Human Services, employed Ericka Searles, M.D. at Chicago Family Health Center who is a licensed medical doctor.

10. At all time relevant to this Complaint, Ericka Searles, M.D. held herself out to the Decedent and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Decedent.

11. At all times relevant to this Complaint, Ericka Searles, M.D. was employed by and/or acting on behalf of Defendant. Furthermore, the Defendant is responsible for the negligence acts of their employees and agents under respondeat superior.

12. Jurisdiction is proper under 28 U.S.C. §1346(b)(1).

13. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Northern District of Illinois.

## FACTUAL ALLEGATIONS

14. That on or about May 25, 2015, and at all times relevant thereafter, the deceased presented herself to Advocate Trinity Hospital ("Advocate") in Chicago, IL for medical care and treatment. While undergoing treatment at Advocate, decedent was under the care and treatment of ERICKA SEARLES, M.D., a licensed physician and employee of Defendant, United States of America.

15. That on that date, Decedent, presented with signs and symptoms of a probable urinary tract infection; including, vaginal bleeding, trace leukocyte esterase, and few bacteria on urinalysis.

16. That on that date, Defendant's employee, ERICKA SEARLES, M.D., failed to order additional tests including but not limited to a urine culture, failed to treat the urinary tract

infection with, but not limited to, antibiotics, and discharged Cynthia Sudor from Advocate Trinity Hospital despite her exhibiting obvious signs and symptoms of urinary tract infection.

17. As a direct and proximate result of ERICKA SEARLES, M.D.'s negligence, CYNTHIA SUDOR died on July 6, 2015.

18. Cynthia Sudor endured significant conscious pain and suffering as a result of ERICKA SEARLES, M.D.'S negligence and the Decedent's next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the Decedent.

### COUNT I: WRONGFUL DEATH AGAINST THE UNITED STATES OF AMERICA

19. That on or about May 25, 2015, Defendant had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of heath care providers, consistent with the expertise that the Defendant presented to the community at large.

20. At all times relevant to this Complaint, the Defendant had a duty to hire competent operators, administrators, employees, agents and staff in order to meet its standards of quality of care of its patients, including Decedent. The Defendant knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for Decedent that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

21. Defendant's employee, ERICKA SEARLES, M.D., owed a duty to CYNTHIA SUDOR to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified medical doctors practicing in the same or similar localities under the circumstances similar to the facts relevant herein.

22. The Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

23. The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meets it standards of quality of care of its patients, including Decedent.

24. That Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

25. As a direct and proximate result of Defendant's negligence, Cynthia Sudor died on July 6, 2015.

26. Decedent, CYNTHIA SUDOR, left surviving as her next of kin four biological minor children, Janiyah Sudor, Marcus Riley Jr., Marquis Riley, and Makayla Sudor.

27. As a direct and proximate result of the death of Cynthia Sudor, the Decedent's aforesaid next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the Decedent.

28. The acts and/or omission set forth above would constitute a claim under the law of the State of Illinois; specifically, the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

29. The Defendant is liable pursuant to the 28 U.S.C. 1346(b)(1).

## COUNT II: VICARIOUS LIABILITY, RESPONDEAT SUPERIOR: WRONGFUL DEATH AGAINST ERICKA SEARLES, M.D.

30. Plaintiff realleges and reincorproates each and every allegations above as if fully set forth herein.

31. At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendant.

5

32. At all times to this Complaint, the directors, officers, operators, administrators, employees, agents, staff acted within their respective capacities and scopes of employment for the Defendant.

33. The directors, officers, operators, administrators, employees, agents, and staff; including, but not limited to, ERICKA SEARLES, M.D., negligently and/or reckless, direct and proximately caused the death of Cynthia Sudor, including both acts of omission and acts of commission.

34. Defendant's employee, ERICKA SEARLES, M.D., owed a duty to CYNTHIA SUDOR to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified medical doctors practicing in the same or similar localities under the circumstances similar to the facts relevant herein.

35. Specifically, that despite the aforesaid duty, Defendant's employee, ERICKA SEARLES, M.D., carelessly and negligently provided medical care to the deceased in one or more of the following ways

    a. Failed to appreciate signs and symptoms of a probable urinary tract infection; including, vaginal bleeding, trace leukocyte esterase and few bacteria on urinalysis;

    b. Failed to order additional tests including but not limited to a urine culture;

    c. Failed to treat the urinary tract infection with, but not limited to, antibiotics;

    d. Discharged Cynthia Sudor despite her exhibiting obvious signs and symptoms of urinary tract infection.

36. As a direct and proximate result of one or more of the aforementioned reckless or negligence acts and omissions of Defendant's employee, ERICKA SEARLES, M.D, CYNTHIA SUDOR died on July 6, 2015.

37. Decedent, CYNTHIA SUDOR, left surviving as her next of kin four biological minor children, Janiyah Sudor, Marcus Riley Jr., Marquis Riley, and Makayla Sudor.

38. As a direct and proximate result of the death of Cynthia Sudor, the Decedent's aforesaid next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent.

39. The acts and/or omission set forth above would constitute a claim under the law of the State of Illinois; specifically, the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq*.

40. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## COUNT III: SURVIVAL ACTION

41. Plaintiff restates and realleges paragraphs 1-40 as if fully alleged herein.

42. That as a direct and proximate result of one or more of the aforesaid acts or omissions of all of Defendant and its employees as stated in Counts I and II, decedent CYNTHIA SUDOR did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before her death, subjecting Defendant and its employees to liability pursuant to The Illinois Survival Act, 755 ILCS 5/27-6.

43. The acts and/or omission set forth above would constitute a claim under the law of the State of Illinois.

43. The Defendant is liable pursuant to the 28 U.S.C. 1346(b)(1).

## PRAYER FOR RELIEF

WHEREFORE, MARCUS RILEY, as independent administrator of the estate of CYNTHIA SUDOR, deceased, prays for judgment in his favor and against Defendant, UNITED STATES OF AMERICA, as follows:

1) Losses of personal and pecuniary nature, including the loss of money, benefits, goods, services, companionship, grief, sorrow, and mental suffering of the next of kin, and loss of society pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1 *et. seq.*;

2) Conscious pain and suffering, loss of earnings, and medical expenses pursuant to The Illinois Survival Act, 755 ILCS 5/27-6;

3) Costs and attorneys' fees incurred in this civil action, together with such further additional relief at law or in equity that this Court may deem proper.

                                                Respectfully Submitted,

                                                */s/ Dean J. Caras*
                                                Dean J. Caras

Dean J. Caras
Attorney for Plaintiff
320 W. Illinois St., Suite 2112
Chicago, IL 60654
Phone: 312-494-1500
dean.caras@deancaras.com
ARDC No. 6191319

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Health and Human Services<br>OGC of General Law/Claims and Employment Law Branch<br>330 C Street, SW, Suite 2600<br>Washington, DC 20201 | Dean Caras, as legal representative on behalf of Marcus Riley, independent representative of the estate of Cynthia Sudor, decedent<br>320 W. Illinois Street, #2112, Chicago, IL 60654 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>07/23/1993 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>05/25/2015 | 7. TIME (A.M. OR P.M.)<br>3:00 p.m. |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attached page.

9. **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

None

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

None

10. **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Cynthia Sudor, decedent
Cause of Death: Sepsis due to a failure to diagnose urinary tract infection.
See 2-622 Affidavit attached.

11. **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See Attached Page | |

12. (See instructions on reverse). **AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| 0.00 | 0.00 | 25,000,000 | 25,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 312-494-1500 | 11/29/17 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

5-109

Pl. Exhibit 1

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☐ No

None

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☐ No  **17. If deductible, state amount.**

None

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).**

None

**19. Do you carry public liability and property damage insurance?** ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☐ No

None

### INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

SF 95-07a
Claim for Death
Claimant: Marcus Riley, as independent representative of estate of Cynthia Sudor, deceased
Additional Page

8. Cynthia Sudor, decedent, died on July 6, 2015. On May 25, 2015, she was treated at Advocate Trinity Hospital by Dr. Ericka Searles, a medical doctor who is, on information and belief, employed by the Chicago Family Health Center, which is a health center federally funded by the Department of Health and Human Services. That, on that date and at Advocate Trinity Hospital, Dr. Searles, carelessly and negligently provided medical care to the deceased in one or more of the following ways:

   a. Failed to appreciate signs and symptoms of a probable urinary tract infection; including, vaginal bleeding, trace leucocyte esterase and few bacteria on urinalysis;

   b. Failed to order additional tests including but not limited to a urine culture;

   c. Failed to treat the urinary tract infection with, but not limited to, antibiotics;

   d. Discharged Cynthia Sudor despite her exhibiting obvious signs and symptoms of urinary tract infection.

As a direct and proximate result of one or more of the aforementioned reckless or negligence acts and omissions of Defendant, ERICKA SEARLES, M.D, CYNTHIA SUDOR died on July 6, 2015.


11. List and Names of Witnesses:

   Dr. Ericka Searles, Represented by Megan Donohue, AUSA, 219 South Dearborn Street, Chicago, IL 60604

   Dr. Rita McGuire, Represented by Lowis & Gellen, 200 W. Adams, #1900, Chicago, IL 60606

   Dr. Anees Fatima, Unrepresented, Address: Mediclinic City Hospital, 26th Street, Dubai HealthCare City, Building 37, Dubai, UAE

   Staff and other employees of Advocate Trinity Hospital, Represented by Kominiarek Bresler & Harvich, 33 N. Dearborn, #1310, Chicago, IL 60602

   Staff and other employees of Jackson Park Hospital, Represented by Lowis & Gellen, 200 W. Adams, #1900, Chicago, IL 60606

DEPARTMENT OF HEALTH & HUMAN SERVICES

Office of the General Counsel/General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 691-2369

MAR 22 2018

**U. S. CERTIFIED MAIL–RETURN RECEIPT REQUESTED**
(Article No. 7012 2920 0000 6882 9486)

Dean J. Caras, Esq.
Caras Law Group
320 West Illinois Street, Suite 2112
Chicago, Illinois 60654-7846

**Re: Administrative Tort Claim of Marcus Riley, as Independent Administrator of the Estate of Cynthia Sudor, Deceased, Claim No. 2018-0102**

Dear Mr. Caras:

On December 4, 2017, you filed an administrative tort claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2401(b), 2671-80, on behalf of your client, Marcus Riley, as independent administrator of the Estate of Cynthia Sudor, deceased, alleging, *inter alia*, that, on May 25, 2015, Dr. Ericka Searles and Chicago Family Health Center, located in Chicago, Illinois, committed medical malpractice by failing to diagnose and treat Ms. Sudor's urinary tract infection, which resulted in her death on July 6, 2015.

The FTCA authorizes the settlement of any claim of money damages against the United States for, *inter alia*, injury or death caused by the negligent or wrongful act or omission of any employee of the federal government, while acting within the scope of employment. Under the FTCA, said act or omission must be such that the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2672.

This letter constitutes the notice of final determination of this administrative tort claim, as required by 28 U.S.C. §§ 2401(b), 2675(a). The administrative tort claim of Marcus Riley, as independent administrator of the Estate of Cynthia Sudor, deceased, is denied.

If your client is dissatisfied with this determination, he may:

1. file a written request with the Agency for reconsideration of the final determination denying the claim within six (6) months from the date of mailing of this determination (28 C.F.R. § 14.9); or

Pl. Exhibit 2

Page 2 - Dean J. Caras, Esq.

    2.    file suit against the United States in the appropriate federal district court within six (6) months from the date of mailing of this determination (28 U.S.C. § 2401(b)).

In the event your client requests reconsideration, the Agency will review the administrative tort claim within six (6) months from the date the request is received. If the reconsidered administrative tort claim is denied, your client may file suit within six (6) months from the date of mailing of the final determination.

                                      Sincerely yours,

                                      William A. Biglow (by jca)

                                      William A. Biglow
                                      Deputy Associate General Counsel
                                      Claims and Employment Law Branch