UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS RILEY, as Independent Administrator to the estate of CYNTHIA SUDOR, deceased, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18 C 4810 |
| | ) | |
| UNITED STATES OF AMERICA, ADVOCATE TRINITY HOSPITAL, JACKSON PARK HOSPITAL AND MEDICAL CENTER, RITA McGUIRE, M.D., and NASEEM FATIMA, M.D., | ) ) ) ) ) | Judge Castillo |
| | ) | |
| Defendants. | ) | |

**THE UNITED STATES' ANSWER**
**TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

The United States, by its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, for its answer to plaintiff's first amended complaint, states as follows:

**First Defense**

The Illinois doctrine of comparative fault applies to eliminate or reduce any recovery against the United States.

**Second Defense**

Plaintiff's damages, if any, are limited to the amount set forth in the administrative claim received by the Department of Health and Human Services on December 4, 2017.

**Third Defense**

Any recovery by plaintiff should be eliminated or reduced by amounts paid by insurance and governmental health programs. 735 Ill. Comp. Stat. 5/2-1205.

**Fourth Defense**

Any recovery by plaintiff is subject to the availability of appropriated funds.  42 U.S.C. § 233(k).

**Fifth Defense**

Plaintiff is not entitled to a trial by jury with regard to his counts directed against the United States.  28 U.S.C. § 2402.

**Sixth Defense**

Plaintiff's recovery for future damages, if any, should be awarded in a manner that approximates the periodic payment provisions of the Illinois Healing Art Malpractice Act, 735 ILCS 5/2-1706 through 5/2-1718.

**Seventh Defense**

The United States is not liable under Count II (*Respondeat Superior*), nor is Dr. Ericka Searles.  Plaintiff's *exclusive* remedy is under 42 U.S.C. § 233 and the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-2680.

**Eighth Defense**

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.     **Complaint:**    This is an action against the Defendant, United States of America, under the Federal Tort Claims Act, (28 U.S.C.§2671, *et. seq.*) and 28 U.S.C §1346(b)(1), for negligence and professional malpractice in connection with medical care provided to decedent, Cynthia Sudor, by Erika Searles, M.D. at Advocate Trinity Hospital, Chicago, IL.

     **Response:**    Admit.

2. **Complaint:** The claims herein are brought against the Defendant pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et. seq.*) and 28 U.S.C §1346(b)(1), for money damages as compensation for personal injuries caused by the Defendant's negligence.

**Response:** Admit.

3. **Complaint:** Plaintiff, Marcus Riley, as independent administrator to the estate of Cynthia Sudor, has fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act ("FTCA"). *Standard Form 95 attached as Exhibit 1.*

**Response:** Admit.

4. **Complaint:** This suit has been timely filed, in that Plaintiff Riley timely served notice of his claim on the Department of Health and Human Services less than sixty days from the dismissal of civil action in the case of *Marcus Riley, as Independent Administrator of the estate of Cynthia Sudor v. Advocate Trinity Hospital, et. al.* with case number 17-cv-07973, for failure to exhaust administrative remedies pursuant to 28 U.S.C. §2679(d)(5).

**Response:** Admit.

5. **Complaint:** Plaintiff Riley is now timely filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the Department of Health and Human Services March 22, 2018 notice of denial of the administrative tort claim. *Administrative Tort Claim Denial Letter attached as Exhibit 2.*

**Response:** Admit.

6. **Complaint:** Plaintiff, Marcus Riley, is the duly appointed Independent Administrator of the Estate of Cynthia Sudor (the "decedent"), having been appointed Independent Administrator by the Probate Division of the Circuit Court of Cook County on January 24, 2017. This action is brought by Marcus Riley in his capacity as Independent

Administrator of the Estate of Cynthia Sudor, on behalf of the Estate and on behalf of the survivors, Janiyah Sudor, Marcus Riley, Jr., Marquis Riley, and Makayla Sudor, the four biological minor children of the decedent.

>    **Response:**    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6; accordingly, they are denied.

7.    **Complaint:**    Defendant, United States of America, is subject to suit for a death caused by the negligent and wrongful acts and omission of the employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

>    **Response:**    The United States admits that it is named as a defendant pursuant to the requirements of the Federal Tort Claims Act (FCTA), 28 U.S.C. § 2671.  The United States denies the remaining allegations of paragraph 7.

8.    **Complaint:**    That at all times relevant herein, Cynthia Sudor, deceased, was an individual residing in the City of Chicago, County of Cook, State of Illinois.

>    **Response:**    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8; accordingly, they are denied.

9.    **Complaint:**    Defendant, United States of America, through its agency, Department of Health and Human Services, employed Ericka Searles, M.D. at Chicago Family Health Center who is a licensed medical doctor.

>    **Response:**    The United States admits that at all times pertinent to this complaint, Dr. Searles was employed by Chicago Family Health Center, a deemed entity of the United States Public Health Service ("USPHS") pursuant to the Federally Supported Health Centers Assistance Acts of 1992 ("FSHCAA"), and that Dr. Searles was acting within the

4

scope of her employment at Chicago Family Health Center while providing care and treatment at the hospital on May 25, 2015. The United States denies the remaining allegations of paragraph 9.

10. **Complaint:** At all times relevant to this Complaint, Ericka Searles, M.D. held herself out to the Decedent and eligible beneficiaries, as a provider of high quality health care services, with the expertise necessary to maintain the health and safety of patients like the Decedent.

**Response:** The United States admits that Dr. Searles was required to comply with all applicable law. The United States denies any remaining allegations of paragraph 10.

11. **Complaint:** At all times relevant to this Complaint, Ericka Searles, M.D. was employed by and/or acting on behalf of Defendant. Furthermore, the Defendant is responsible for the negligent acts of their employees and agents under respondent superior.

**Response:** The United States admits that at all times pertinent to this complaint, Dr. Searles was employed by Chicago Family Health Center, a deemed entity of the USPHS pursuant to the FSHCAA, and that Dr. Searles was acting within the scope of her employment at Chicago Family Health Center while providing care and treatment at the hospital on May 25, 2015. The United States denies the remaining allegations of paragraph 11.

12. **Complaint:** At all times relevant herein, Advocate Trinity Hospital is a corporation incorporated in the state of Illinois with its principal place of business at 2320 E. 93rd Street, Chicago, Illinois, 60617.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12; accordingly, they are denied.

5

13. **Complaint:** At all times relevant herein, Jackson Park Hospital is a corporation incorporated in the state of Illinois with its principal place of business at 7531 S. Stony Island Ave., Chicago, IL, 60649.

  **Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13; accordingly, they are denied.

14. **Complaint:** At all times relevant herein, Rita McGuire, M.D. is a resident and citizen of the state of Illinois and was at all times mentioned herein a licensed medical doctor engaged on staff as an actual and/or apparent agent at Jackson Park Hospital and Medical Center, City of Chicago, County of Cook, State of Illinois.

  **Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14; accordingly, they are denied.

15. **Complaint:** That defendant, Naseem Fatima, M.D., upon information and belief, is a resident and citizen of the state of California and was at all times mentioned herein a licensed medical doctor engaged on staff as an actual and/or apparent agent at Jackson Park Hospital and Medical Center, City of Chicago, County of Cook, State of Illinois.

  **Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15; accordingly, they are denied.

16. **Complaint:** Jurisdiction is proper under 28 U.S.C. §1346(b)(1) and 28 U.S.C. 1441(a).

  **Response:** The United States admits that jurisdiction is conferred upon this court pursuant to 42 U.S.C. § 233, the Federal Tort Claims Act (FTCA), 28 USC §1346(b), and 28 U.S.C. § 1367(a).

17.     **Complaint:**     Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Northern District of Illinois.

**Response:**     The United States admits that venue is proper pursuant to 28 U.S.C. § 1402(b).

## FACTUAL ALLEGATIONS

18.     **Complaint:**     That on or about May 25, 2015, and at all times relevant thereafter, the decedent presented herself to Advocate Trinity Hospital ("Advocate") in Chicago, IL for medical care and treatment. While undergoing treatment at Advocate, decedent was under the care and treatment of ERICKA SEARLES, M.D., a licensed physician and employee of Defendant, United States of America.

**Response:**     The United States admits that on or about May 25, 2015, Sudor went to Advocate Trinity Hospital for medical care and treatment.  The United States admits that Dr. Searles provided medical care and treatment to Sudor on or about May 25, 2015.  The United States admits that Dr. Searles was a licensed physician and was employed by Chicago Family Health Center, a deemed entity of the USPHS pursuant to FSHCAA, and that Dr. Searles was acting within the scope of her employment at Chicago Family Health Center while providing care and treatment at the Hospital on May 25, 2015.  The United States denies the remaining allegations of paragraph 18.

19.     **Complaint:**     That on that date, Decedent, presented with signs and symptoms of a probable urinary tract infection; including, vaginal bleeding, trace leukocyte esterase, and few bacteria on urinalysis.

**Response:**     Deny.

20.    **Complaint:**    That on that date, Defendant's employee, ERICKA SEARLES, M.D., failed to order additional tests including but not limited to a urine culture, failed to treat the urinary tract infection with, but not limited to, antibiotics, and discharged Cynthia Sudor from Advocate Trinity Hospital despite her exhibiting obvious signs and symptoms of urinary tract infection.

**Response:**    Deny.

21.    **Complaint:**    That then on May 30, 2015, the decedent presented herself to Jackson Park Hospital for medical care and treatment.  While undergoing treatment at Jackson Park Hospital, Decedent was under the care and treatment, upon information and belief, of Rita McGuire, M.D. and Naseem Fatima, M.D., licensed physicians and employees of Jackson Park Hospital.

**Response:**    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21; accordingly, they are denied.

22.    **Complaint:**    That on that date, Jackson Park Hospital, by and through its employees Drs. McGuire and Fatima, failed to order additional tests including but not limited to a urine culture, failed to treat the urinary tract infection with, but not limited to, antibiotics, and discharged Cynthia Sudor from Advocate Trinity Hospital despite her exhibiting obvious signs and symptoms of urinary tract infection.

**Response:**    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22; accordingly, they are denied.

23.    **Complaint:**    That then on May 31, 2015, Decedent presented again to Advocate Trinity Hospital with fevers, chills, severe right low back pain and rapidly decompensated and

was placed in the Intensive Care Unit with Acute Respiratory Distress Syndrome (ARDS) and E. coli pyelonephritis as a result of the undiagnosed and untreated urinary tract infection.

**Response:**     Deny.

24.     **Complaint:**     Decedent continued to decompensate and on June 9, 2015, she was emergently transferred to Advocate Christ Medical Center in Oak Lawn, Illinois in cardiogenic shock and was placed on extracorporeal membrane oxygenation (ECMO) support.

**Response:**     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24; accordingly, they are denied.

25.     **Complaint:**     Cynthia Sudor died on July 6, 2015.

**Response:**     Admit.

**COUNT I: WRONGFUL DEATH**
**AGAINST THE UNITED STATES OF AMERICA**

26.     **Complaint:**     Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

**Response:**     The United States reasserts and reincorporates its responses to paragraphs 1-25 of this complaint as if fully set forth herein.

27.     **Complaint:**     That on or about May 25, 2015, Defendant, USA, had a duty to provide ordinary care, and to exercise that standard and degree of care and skill required of heath care providers, consistent with the expertise that the Defendant presented to the community at large.

**Response:**     The United States admits that Dr. Searles was required to comply with all applicable law.  The United States denies any remaining allegations of paragraph 27.

28.     **Complaint:**     At all times relevant to this Complaint, the USA had a duty to hire competent operators, administrators, employees, agents and staff in order to meet its standards

of quality of care of its patients, including Decedent. The Defendant knew, or should have known, that the medical staff of the facility was not properly trained, and/or supervised, in a manner necessary to provide a level of care for Decedent that met all applicable legal requirements; that demonstrated the standard and degree of care and skill required of competent health care providers; and was consistent with the expertise that the Defendant presented to the community at large.

      **Response:** The United States admits that Dr. Searles was required to comply with all applicable law. The United States denies the remaining allegations of paragraph 28.

29. **Complaint:** Defendant's employee, ERICKA SEARLES, M.D., owed a duty to CYNTHIA SUDOR to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified medical doctors practicing in the same or similar localities under the circumstances similar to the facts relevant herein.

      **Response:** The United States admits that Dr. Searles was required to comply with all applicable law. The United States denies the remaining allegations of paragraph 29.

29. [sic] **Complaint:** The Defendant breached its duty by negligently hiring incompetent, inexperienced and/or unqualified operators, administrators, employees, agents and staff.

      **Response:** Deny.

30. **Complaint:** The Defendant had a duty to retain only competent and adequately trained operators, administrators, employees, agents and staff in order to meets it standards of quality of care of its patients, including Decedent.

      **Response:** The United States admits that Dr. Searles was required to comply with all applicable law. The United States denies the remaining allegations of paragraph 30.

31.     **Complaint:**    That Defendant breached its duty by negligently retaining incompetent, inexperienced, unqualified and/or inadequately trained operators, administrators, employees, agents and staff.

       **Response:**    Deny.

32.     **Complaint:**    As a direct and proximate result of Defendant's negligence, Cynthia Sudor died on July 6, 2015.

       **Response:**    Deny.

33.     **Complaint:**    Decedent, CYNTHIA SUDOR, left surviving as her next of kin four biological minor children, Janiyah Sudor, Marcus Riley, Jr., Marquis Riley, and Makayla Sudor.

       **Response:**    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33; accordingly, they are denied.

34.     **Complaint:**    As a direct and proximate result of the death of Cynthia Sudor, the Decedent's aforesaid next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the Decedent.

       **Response:**    The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34; accordingly, they are denied.

35.     **Complaint:**    The acts and/or omission set forth above would constitute a claim under the law of the State of Illinois; specifically, the Illinois Wrongful Death Act, 740 ILCS 180/1 et seq.

       **Response:**    Deny.

36.     **Complaint:**    The Defendant is liable pursuant to the 28 U.S.C. 1346(b)(1).

       **Response:**    Deny.

11

## COUNT II: VICARIOUS LIABILITY, RESPONDEAT
## SUPERIOR: WRONGFUL DEATH AGAINST ERICKA SEARLES, M.D.

37.     **Complaint:**     Plaintiff realleges and reincorporates each and every allegation above as if fully set forth herein.

        **Response:**     The United States reasserts and reincorporates its responses to paragraphs 1-36 of this complaint as if fully set forth herein.

38.     **Complaint:**     At all times relevant to this case, the directors, officers, operators, administrators, employees, agents, staff were employed by and/or acting on behalf of the Defendant.

        **Response:**     Deny.

39.     **Complaint:**     At all times to this Complaint, the directors, officers, operators, administrators, employees, agents, staff acted within their respective capacities and scopes of employment for the Defendant.

        **Response:**     Deny.

40.     **Complaint:**     The directors, officers, operators, administrators, employees, agents, and staff; including, but not limited to, ERICKA SEARLES, M.D., negligently and/or recklessly, direct and proximately caused the death of Cynthia Sudor, including both acts of omission and acts of commission.

        **Response:**     Deny.

41.     **Complaint:**     Defendant's employee, ERICKA SEARLES, M.D., owed a duty to CYNTHIA SUDOR to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified medical doctors practicing in the same or similar localities under the circumstances similar to the facts relevant herein.

**Response:**     The United States admits that Dr. Searles was required to comply with all applicable law.  The United States denies the remaining allegations of paragraph  41.

42.     **Complaint:**     Specifically, that despite the aforesaid duty, Defendant's employee, ERICKA SEARLES, M.D., carelessly and negligently provided medical care to the deceased in one or more of the following ways:

      a.     Failed to appreciate signs and symptoms of a probable urinary tract infection; including, vaginal bleeding, trace leukocyte esterase and few bacteria on urinalysis;

      b.     Failed to order additional tests including but not limited to a urine culture;

      c.     Failed to treat the urinary tract infection with, but not limited to, antibiotics;

      d.     Discharged Cynthia Sudor despite her exhibiting obvious signs and symptoms of urinary tract infection.

**Response:**     Deny.

43.     **Complaint:**     As a direct and proximate result of one or more of the aforementioned reckless or negligence acts and omissions of Defendant's employee, ERICKA SEARLES, M.D, CYNTHIA SUDOR died on July 6, 2015.

**Response:**     Deny.

44.     **Complaint:**     Decedent, CYNTHIA SUDOR, left surviving as her next of kin four biological minor children, Janiyah Sudor, Marcus Riley, Jr., Marquis Riley, and Makayla Sudor.

**Response:**     The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 44; accordingly, they are denied.

45.     **Complaint:**     As a direct and proximate result of the death of Cynthia Sudor, the Decedent's aforesaid next of kin suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent.

**Response:** The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 45; accordingly, they are denied.

46. **Complaint:** The acts and/or omission set forth above would constitute a claim under the law of the State of Illinois; specifically, the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq*.

**Response:** Deny.

47. **Complaint:** The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

**Response:** Deny.

## COUNT III: WRONGFUL DEATH AGAINST ADVOCATE TRINITY HOSPITAL BY AND THROUGH ITS EMPLOYEES

Count III is not directed to the United States, thus no response from the United States is required.

## COUNT IV: WRONGFUL DEATH AGAINST RITA MCGUIRE, M.D.

Count IV is not directed to the United States, thus no response from the United States is required.

## COUNT V: WRONGFUL DEATH AGAINST NASEEM FATIMA, M.D.

Count V is not directed to the United States, thus no response from the United States is required.

## COUNT VI: WRONGFUL DEATH AGAINST JACKSON PARK HOSPITAL AND MEDICAL CENTER BY AND THROUGH ITS EMPLOYEES

Count VI is not directed to the United States, thus no response from the United States is required.

## COUNT VII: SURVIVAL ACTION

84. **Complaint:** Plaintiff realleges and reincorporates each and every allegation above as if fully alleged herein.

14

**Response:** The United States reasserts and reincorporates its responses above as if fully set forth herein.

85. **Complaint:** That as a direct and proximate result of one or more of the aforesaid acts or omissions of all of Defendants as stated in Counts I, II, and III, IV, V, and VI, decedent CYNTHIA SUDOR did suffer serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before her death, subjecting Defendants to liability pursuant to The Illinois Survival Act, 755 ILCS 5/27-6.

**Response:** Deny.

WHEREFORE, the United States requests that this case be dismissed with costs and that the court award it such further relief as may be appropriate.

Respectfully submitted,

JOHN R. LAUSCH, Jr.
United States Attorney

By: s/ Megan E. Donohue
MEGAN E. DONOHUE
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-1877
megan.donohue@usdoj.gov