UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS RILEY, as independent administrator to the estate of CYNTHIA SUDOR, deceased, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA et al., <br><br> Defendants. | No. 18 C 4810 <br><br> Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Marcus Riley ("Plaintiff") brings this action on behalf of Cynthia Sudor ("Sudor"), who passed away on July 6, 2015, as the independent administrator of Sudor's estate. (R. 15, Am. Compl. ¶¶ 3, 25.) Plaintiff alleges that the United States of America, Advocate Trinity Hospital ("ATH"), Jackson Park Hospital and Medical Center ("JPHMC"), Rita McGuire, M.D. ("McGuire"), and Naseem Fatima, M.D. ("Fatima") (collectively, the "Defendants") wrongfully caused Sudor's death. (*Id.* ¶¶ 26-85.) JPHMC, McGuire, and Fatima move to remand this case to state court pursuant to 28 U.S.C. §§ 1332 and 1447. (R. 28, Mot. at 1.) For the reasons stated below, the motion to remand is denied.

## BACKGROUND

Plaintiff alleges that, on May 25, 2015, Sudor went to ATH for medical care. (R. 15, Am. Compl. ¶ 18.) While at ATH, Sudor was under the care of Erika Searles ("Searles"), M.D., who was an employee of Chicago Family Health Center, Inc., a "deemed entity of the United States Public Health Service." (*Id.* ¶¶ 9, 18.) While under the care of Searles, Plaintiff claims that Sudor

showed signs of a urinary tract infection. (*Id.* ¶ 19.) Searles allegedly failed to properly treat the urinary tract infection or order additional tests and then discharged Sudor from ATH. (*Id.* ¶ 20.)

On May 30, 2015, Sudor went to JPHMC for treatment. (*Id.* ¶ 21.) She was under the care of McGuire and Fatima, who were employees of JPHMC. (*Id.*) Plaintiff asserts that during this time, Sudor showed obvious signs of a urinary tract infection, and that McGuire and Fatima failed to order additional tests or treat Sudor's urinary tract infection. (*Id.* ¶ 22.)

On May 31, 2015, Sudor allegedly returned to ATH with a fever, chills, and severe right-lower back pain. (*Id.* ¶ 23.) Sudor was admitted into ATH's intensive care unit, allegedly suffering from "acute respiratory distress syndrome and E. coli pyelonephritis." (*Id.*) Plaintiff claims that on June 9, 2015, Sudor was in cardiogenic shock and transferred to Advocate Christ Medical Center where she was placed on respiratory support. (*Id.* ¶ 24.) She died approximately a month later on July 6, 2015. (*Id.* ¶ 25.)

## PROCEDURAL HISTORY

On March 22, 2017, Plaintiff filed a complaint in the Circuit Court of Cook County, Illinois, against Searles and Defendants for the wrongful death of Sudor. (R. 28-1, State Ct. Compl ¶¶ 1-40.) On November 3, 2017, the United States, on behalf of Searles, removed that case to this Court, which was assigned case number 17-cv-7973. (R. 28-2, Notice of Removal.) The notice of removal invoked 28 U.S.C. § 233 and deemed the action against Searles an action against the United States because Searles worked for an entity receiving grants under federal law. (*Id.* at 1-2; *see also* 17-cv-7973, R. 1 at 18, Section 233 Certification.) Thus, pursuant to Section 233, the United States substituted itself as a defendant in Searles' place. (R. 28-2, Notice of Removal at 2.)

On November 6, 2017, the United States filed a motion to dismiss based on Plaintiff's failure to exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2672-79. (R. 28-3, Mot. to Dismiss.) The Court granted the United States' motion and remanded what remained of the case to state court. (R. 28-4, Order.) On December 4, 2017, Plaintiff filed an administrative tort claim under the FTCA with the U.S. Department of Health and Human Services ("HHS"). (R. 15-3, Notice of Denial at 1.) On March 22, 2018, HHS notified Plaintiff that the claim was denied; and HHS also notified Plaintiff that if he was dissatisfied with HHS' decision, his options included filing "suit against the United States in the appropriate federal district court" within six months. (*Id.* at 2.)

On July 13, 2018, while the 17-cv-7973 case was still pending in state court, Plaintiff filed the present action. (R. 1, Compl.) On September 18, 2018, ATH filed in state court and in this Court a "petition" to remove the 17-cv-7973 case back to this Court. (R. 10, Fed. Petition for Removal; R. 28-8, State Petition for Removal.) ATH's petition for removal asserts that because the United States has been renamed as a defendant in federal court, "the Northern District of Illinois again holds jurisdiction over Plaintiff's cause of action and divests the Circuit Court of Cook County as the appropriate court of jurisdiction." (R. 10, Fed. Petition for Removal at 2-3; R. 28-8, State Petition for Removal at 6-7.) The petition further claims that the Court has jurisdiction over the state court action pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367, because the state court action and this case "form part of the same case or controversy." (R. 28-8, State Petition for Removal at 7; *see also* R. 10, Fed. Petition for Removal at 3.) On November 13, 2018, the Court granted Plaintiff's petition for removal. (R. 23, Min. Entry.)

Plaintiff amended his complaint on November 2, 2018. (R. 15, Am. Compl.) Plaintiff brings seven counts against Defendants. (*Id.* ¶¶ 26-85.) The first six counts are wrongful death

3

counts against each Defendant, and the last count is a claim under the Illinois Survival Act, 755 ILL. COMP. STAT. § 5/27-6. (*Id.*)

On December 13, 2018, JPHMC, McGuire, and Fatima moved to remand this case to state court. (R. 28, Mot.) They argue that ATH's removal of the 17-cv-7973 case was untimely and lacked the consent of all Defendants. (*Id.* at 3-6.) Plaintiff opposes the motion, arguing that the Court has exclusive jurisdiction over this case under the FTCA, and that all Defendants should be joined in the same cause of action. (R. 36, Resp. at 1-2.) Plaintiff also argues that the motion to remand should be denied as untimely, and that concerns of judicial economy favor that all the claims in these cases be litigated in the same court. (*Id.* at 2-5.) Finally, Plaintiff contends that all of the Defendants need not consent to removal for this case to be removed to federal court. (*Id.* at 5-7.)

## ANALYSIS

"In considering a motion for remand, the court must examine the [plaintiff's] complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Elftmann v. Vill. of Tinley Park*, 191 F. Supp. 3d 874, 878 (N.D. Ill. 2016) (quotation omitted). "The removing defendant has the burden of proving the jurisdictional predicates for removal." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). JPHMC, McGuire, and Fatima's motion to remand raises no

challenge to subject-matter jurisdiction, (R. 28, Mot. at 3-6), which, in any event, is sufficiently established at the pleading stage by Plaintiff's FTCA claim because the United States certified that the action against Searles was deemed an action against the United States. *See Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 896-97 (7th Cir. 2007) (concluding that the district court possessed subject-matter jurisdiction over a case where the government certified under 28 U.S.C. § 233—albeit mistakenly—that the action was one against the United States); *James v. Arevalo*, No. 12 C 3963, 2014 WL 1321280, at *4 (N.D. Ill. Apr. 2, 2014) ("The FTCA allows a plaintiff injured by a federally-funded entity to bring suit against the United States for torts committed by an employee 'while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" (quoting 28 U.S.C. § 1346(b)(1)). Accordingly, the appropriate starting point for the Court's analysis is Plaintiff's argument that the motion to remand was not filed within 30 days after ATH filed its notice of removal.

The reason behind the thirty-day time limit for a motion to remand is "to prevent a party who is aware of a defect in removal procedure from using the defect as insurance against later unfavorable developments in federal court." *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 626 (7th Cir. 2013) (quotations omitted). It also "prevents shuttling of cases between state and federal court, and it prevents extended litigation that does no more than determine where the litigation shall proceed." *Walker v. Macy's Retail Holding, Inc.*, No. 14 C 2513, 2015 WL 970107, at *2 (N.D. Ill. Feb. 26, 2015) (quotation omitted). Thus, even if a procedural defect in removal has occurred, a district court lacks power to remand a case based on such a defect if the motion to remand is untimely. *Pettitt v. Boeing Co.*, 606 F.3d 340, 342-43 (7th Cir. 2010); *see also Prolite*

*Bldg. Supply, LLC v. MW Mfrs., Inc.*, 891 F.3d 256, 259 (7th Cir. 2018) ("Section 1447(c) tells us that a motion to remand on the basis of any ground other than the absence of subject-matter jurisdiction is forfeited if not made within 30 days after the filing of the notice of removal."). After the 30-day deadline for filing a motion to remand has expired, unless a party raises a problem that "imperils[s] subject-matter jurisdiction[,] the case is in federal court to stay." *Pettitt*, 606 F.3d at 343 (quotation omitted).

On September 18, 2018, ATH filed its notice of removal[1] in this Court that triggered the 30-day deadline for a motion to remand under Section 1447(c). (R. 10, Petition for Removal.) Thus, any motion to remand was due on or before October 18, 2018, which is 30 days from the date ATH filed its notice of removal. *See* 28 U.S.C. 1447(c); FED. R. CIV. P. (6)(a)(1). The motion to remand, however, was filed on December 13, 2018; therefore, it is untimely. (*See* R. 28, Mot.) As a result, the motion to remand is denied.

Defendants do not dispute the key dates or deadlines. Instead, they argue that they were not served with the amended complaint "until long after the notice of removal" and that the event that triggers the 30-day period to file a motion to remand was when Defendants filed their appearances in this case. (R. 37, Reply at 3.) This argument finds no support in the removal statute or in cases interpreting that statute. *See, e.g.*, 28 U.S.C. 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days *after the filing of the notice of removal*[.]" (emphasis added)); *Caldera Pharm., Inc. v. Regents of Univ. of Cal.*, No. 11 C 7259, 2012 WL 1658306, at *2 (N.D. Ill. May 11, 2012)

---

[1] Plaintiff titled the pleading a "petition" for removal instead of a "notice" of removal, but the Court finds that that this issue is immaterial because the pleading otherwise states the grounds for removal and includes a copy of the pleadings in the state court action, (R. 10, Petition for Removal; R. 10-1, State Ct. Summons & Compl.; R. 10-3, Mot. for Assignment). *See* 28 U.S.C. § 1446(a). Even if this issue were material, the outcome of the motion to remand is the same because the motion to remand is untimely and it does not raise a valid challenge to the Court's subject-matter jurisdiction. *See Pettitt*, 606 F.3d at 342-43.

("The only way for a party to properly preserve its right to seek remand is to actually file a motion for remand."). JPHMC, McGuire, and Fatima rely on *Gross v. FCA US LLC*, No. 17 C 4889, 2017 WL 6065234, at *2 (N.D. Ill. Dec. 7, 2017), but that case dealt with whether *removal* was timely, not whether a *motion to remand* was timely.

Because none of the remaining arguments in support of remanding this case raise a valid challenge to the Court's subject-matter jurisdiction, the Court need not address them.[2] *See Pettitt*, 606 F.3d at 342-43; *City Of Yorkville ex rel. Aurora Blacktop Inc. v. Am. S. Ins. Co.*, 654 F.3d 713, 716 (7th Cir. 2011) (plaintiff's challenge to removal based on lack of consent to removal from co-defendants was forfeited where the motion to remand was untimely); *Walker*, 2015 WL 970107, at *2 ("The issue raised by Plaintiff in her motion—untimeliness of the notice [of removal]—does not pertain to the Court's subject matter jurisdiction and is thus subject to waiver."). Simply put, because the motion to remand is untimely, it must be denied. *See Pettitt*, 606 F.3d at 342-43.

---

[2] Defendants improperly raise a challenge to the Court's supplemental jurisdiction for the first time in their reply brief. *See Johnson v. Root*, 812 F. Supp. 2d 914, 924 (N.D. Ill. 2011) (noting that a party "cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief."). Defendants also improperly argue for the first time on reply that they were not served with the complaint or amended complaint. *See id.* The Court nevertheless concludes that it is appropriate to exercise supplemental jurisdiction in this case because the state-law claims arise from the same illness and events as the FTCA claim, and therefore all claims form part of the same case or controversy. *See* 28 U.S.C. § 1367(a); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014) (explaining that a "loose factual connection" between claims is generally enough to find them part of the same case or controversy).

## CONCLUSION

For the foregoing reasons, the motion to remand filed by JPHMC, McGuire, and Fatima (R. 28) is DENIED. A status hearing is set for May 29, 2019, at 9:45 a.m. All parties are DIRECTED to exhaust settlement possibilities prior to the status hearing. A firm litigation schedule will be set at the next status hearing.

ENTERED: _____
**Chief Judge Rubén Castillo
United States District Court**

**Dated: May 17, 2019**