UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS RILEY, as independent administrator to the estate of CYNTHIA SUDOR, deceased,   )<br>  )<br>  )<br>  )<br>Plaintiff,   )<br>  )<br>v.   )<br>  )<br>UNITED STATES OF AMERICA et al.,   )<br>  )<br>Defendants.   ) | No. 18 C 4810<br><br>Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

Marcus Riley ("Plaintiff"), as the independent administrator of Cynthia Sudor's ("Sudor") estate, brings this action on behalf of Sudor, who died on July 6, 2015. (R. 15, Am. Compl. ¶¶ 1-25.) Plaintiff alleges that the United States of America ("United States"), Advocate Trinity Hospital ("ATH"), Jackson Park Hospital and Medical Center ("JPHMC"), Rita McGuire, M.D. ("McGuire"), and Naseem Fatima, M.D. ("Fatima") (collectively, the "Defendants") caused Sudor's death. (*Id.* ¶¶ 26-85.) Before the Court is ATH's motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 32, Mot.) For the reasons set forth below, the motion is granted.

### BACKGROUND

Plaintiff alleges that, on or about May 25, 2015, Sudor went to ATH for medical treatment. (R. 15, Am. Compl. ¶ 18.) Sudor was allegedly experiencing symptoms of a urinary tract infection, which included vaginal bleeding. (*Id.* ¶ 19.) Plaintiff claims that a urine test was performed, and it showed the presence of white blood cells and bacteria in Sudor's urine, which Plaintiff alleges are results consistent with a urinary tract infection. (*Id.*) Plaintiff claims that, at

ATH, Sudor was under the care of Ericka Searles, M.D., ("Searles"), a licensed physician and employee of the United States. (*Id.* ¶ 18.) Searles allegedly failed to properly treat the urinary tract infection or order additional testing and then discharged Sudor despite her symptoms of a urinary tract infection. (*Id.* ¶ 20.)

On May 30, 2015, Sudor went to JPHMC for medical care and treatment. (*Id.* ¶ 21.) Plaintiff alleges that Sudor was under the care of McGuire and Fatima, who were employed by JPHMC. (*Id.*) Plaintiff claims that, at this time, Sudor still showed obvious signs of a urinary tract infection, and that McGuire and Fatima failed to order additional tests or treat Sudor's urinary tract infection. (*Id.* ¶ 22.)

On May 31, 2015, Sudor allegedly went back to ATH with fever, chills, and severe right-lower back pain. (*Id.* ¶ 23.) Sudor was admitted to ATH's intensive care unit, allegedly diagnosed with "Acute Respiratory Distress Syndrome . . . and E. coli pyelonephritis" as a result of the undiagnosed and untreated urinary tract infection. (*Id.*) Plaintiff claims that Sudor's condition deteriorated, and on June 9, 2015, Sudor was transferred to Advocate Christ Medical Center in Oak Lawn, Illinois. (*Id.* ¶ 24.) Plaintiff claims that when Sudor arrived at Advocate Christ Medical Center, she was in cardiogenic shock and placed on respiratory support. (*Id.*) Sudor died soon thereafter, on July 6, 2015. (*Id.* ¶ 25.)

## PROCEDURAL HISTORY

Plaintiff filed his initial complaint on July 13, 2018. (R. 1, Compl.) On November 2, 2018, Plaintiff filed an amended complaint, which is the operative complaint. (R. 15, Am. Compl.) It brings six claims for wrongful death against the Defendants and a count alleging that the wrongful death claims survive Sudor's death. (*Id.* ¶¶ 26-85.)

On January 4, 2019, ATH filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and that motion was entered and continued pending the Court's decision on a motion to remand filed by JPHMC, McGuire, and Fatima. (R. 32, Mot.; R. 35, Min. Entry.) On May 17, 2019, the Court denied the motion to remand, and then on May 29, 2019, the Court ordered the parties to fully brief ATH's motion to dismiss. (R. 48, Order at 8; R. 49, Min Entry.)

In its motion to dismiss, ATH argues that it should be dismissed as a defendant because Plaintiff fails to allege any ATH employee or agent who was involved in Sudor's care. (R. 32, Mot. at 2-4.) According to ATH, the only physician working at ATH who is referenced in the amended complaint is Searles, who is an agent of the United States and not ATH. (*Id.*) ATH also argues that Plaintiff did not name any ATH "agents or employees" in a report that must be filed pursuant to 735 ILL. COMP. STAT. 5/2-622, which requires plaintiffs in medical malpractice lawsuits to file a report from a qualified medical professional stating that there is a reasonable and meritorious basis for filing a medical malpractice lawsuit. (*Id.* at 4-5 (referencing 735 ILL. COMP. STAT. 5/2-622).) In response, Plaintiff argues that he has sufficiently alleged that Searles is ATH's agent, and that his Section 2-622 report is sufficient under Illinois law to survive dismissal. (R. 51, Resp. at 1-6.) Plaintiff alternatively requests that the Court allow him to amend his Section 2-622 report if the Court concludes that it is insufficient. (*Id.* at 5.)

In its reply brief, ATH again challenges the sufficiency of Plaintiff's allegations because, according to ATH, Plaintiff's amended complaint and Section 2-622 report do not identify any ATH employees for whom ATH could be liable. (R. 56, Reply at 2-3.) ATH argues that even if Plaintiff claims that ATH is vicariously liable through agency, Plaintiff's Section 2-622 report must identify the putative agent whose actions ATH is liable for to survive a motion to dismiss. (*Id.* at 3.)

3

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing the sufficiency of the complaint, the Court accepts all well-pleaded factual allegations in the complaint as true and "draw[s] all reasonable inferences in favor of the non-moving party." *Tobey v. Chibucos*, 890 F.3d 634, 639, 645 (7th Cir. 2018).

## ANALYSIS

ATH argues that the Court should dismiss it as a defendant because Searles is "not a named Defendant," and because Searles is a "federal government employee who at all times relevant worked at Chicago Family Health Center and acted within the scope of her employment at Chicago Family Health Center[.]" (R. 32, Mot. at 2-4.) Therefore, according to ATH, there is no basis to hold it vicariously liable for Searles' conduct. (*Id.*) The Court agrees that Plaintiff has not sufficiently alleged a basis for ATH to be held vicariously liable for Searles' or any other person's conduct.

Plaintiff alleges that Searles was an employee of the United States acting within the scope of her employment when the alleged negligence occurred. (R. 15, Am. Compl. ¶¶ 7-11.) Additionally, Searles has been certified by the U.S. Department of Justice as a U.S. government employee. (R. 15, Am. Compl. ¶¶ 1-5; 17-cv-7973, R. 1 at 18, Section 233 Certification.) ATH is

correct that, for any alleged medical malpractice committed by Searles, Plaintiff's exclusive remedy is an action against the United States under the FTCA. *See* 28 U.S.C. § 2679 (b)(1) ("The remedy against the United States . . . for . . . personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim[.]"); *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012) ("[The FTCA] is the exclusive remedy for any tort claim resulting from the negligence of a government employee acting within the scope of employment."); *Alexander v. Mount Sinai Hosp. Med. Ctr.*, 484 F.3d 889, 891 (7th Cir. 2007) ("Once a physician has been deemed to be a federal employee acting within the scope of his or her employment duties, the United States is substituted as the defendant and the FTCA provides the exclusive remedy for the physician's negligence."). Plaintiff argues that Searles was an actual or apparent agent of ATH. (R. 51, Resp. at 1-4.) She alleges as a fact, however, that Searles, "[a]t all times relevant to this Complaint, . . . was employed by and/or acting on behalf of [the United States]," and there is no dispute that the United States has certified that Searles is its employee for purposes of this lawsuit. (R. 15, Am. Compl. ¶¶ 11, 18, 29.) The Court, therefore dismisses any vicarious liability claim against ATH based on Searles' negligence because her exclusive remedy for any such negligence is a suit under the FTCA.

Plaintiff, however, avers that ATH's negligence arises not only out of Searles' conduct, but also out of the conduct of "its staff individuals who, upon information and belief, were either actual or apparent agents of" ATH. (R. 15, Am. Compl. ¶ 50.) According to Plaintiff, these individuals were "doctors and other medical professionals, including non-medical

5

professionals[.]" (*Id.* ¶¶ 52-53.) Under Illinois law,[1] a hospital can be held liable for the acts of an agent as well as an apparent or ostensible agent. *Gilbert v. Sycamore Mun. Hosp.*, 622 N.E.2d 788, 794 (Ill. 1993); *Groeller v. Evergreen Healthcare Ctr. LLC*, 31 N.E.3d 869, 875 (Ill. App. Ct. 2015) ("Under Illinois law, a hospital may be found liable in a medical negligence case under two separate and distinct theories: (1) liability for its own institutional negligence and (2) vicarious liability for medical negligence of its agents or employees.").

Specifically, "where a principal has created the appearance of authority in an agent, and another party has reasonably and detrimentally relied upon the agent's authority, the principal cannot deny it." *Patrick Eng'g, Inc. v. City of Naperville*, 976 N.E.2d 318, 329-30 (Ill. 2012). As a result, a hospital cannot always escape liability when a person negligently rendering care at the hospital was an independent contractor, because a hospital can be held liable depending on how the hospital held itself out to the public, how the physician held herself out to the public with the hospital's knowledge, and the perception the hospital creates in the mind of the public. *Gilbert*, 622 N.E.2d at 794; *cf. Houskin v. Sinai Health Sys.*, No. 16 C 8645, 2018 WL 5884518, at *3-4 (N.D. Ill. Nov. 8, 2018) (no vicarious liability attached to hospital for emotional damages arising from patient's death where it was undisputed that the patient knew she was being treated by an independent contractor and she did not visit the hospital for emergency care). "[T]he existence and scope of an agency relationship is a fact-intensive inquiry reserved for the finder of fact unless the parties' relationship is so clear as to be undisputed." *McNamee v. Sandore*, 869 N.E.2d 1102, 1115 (Ill. App. Ct. 2007); *see also Saletech, LLC v. E. Balt, Inc.*, 20 N.E.3d 796, 804 (Ill. App. Ct. 2014) ("[T]he existence of an agency relationship may be demonstrated by

---

[1] No party raises a choice of law issue, and both parties cite to Illinois law in their briefs, (R. 32, Mot. at 3-5; R. 51, Resp. at 2-6); accordingly, the Court applies the substantive law of Illinois to this dispute. *See McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014) ("When no party raises [a] choice of law issue, the federal court may simply apply the forum state's substantive law.").

6

circumstantial evidence, including the situation of the parties, their acts, and other relevant circumstances.").

Thus, although ATH cannot be held liable for Searles' conduct, ATH can be held liable for the negligence of any of ATH's agents or apparent agents. *See Gilbert*, 622 N.E.2d at 794; *Groeller*, 31 N.E.3d at 875. Drawing all reasonable inferences in Plaintiff's favor, however, there is no plausible allegation that any person at ATH or under ATH's control negligently caused Sudor's death except for Searles, an employee of the United States subject to the FTCA's exclusive remedy provisions. (R. 15, Am. Compl. ¶¶ 18-20, 23, 48-56.) The claim against ATH, therefore, must be dismissed. *See, e.g., Moss v. Singleton*, 110 F. Supp. 3d 876, 886 (N.D. Ill. 2015) (applying Illinois law and dismissing *respondeat superior* claim against employer where there was no allegation that alleged tort was committed by person acting within the scope of his or her employment); *McGreal v. AT & T Corp.*, 892 F. Supp. 2d 996, 1018 (N.D. Ill. 2012) (dismissing vicarious liability claim under Illinois state law because the plaintiff failed "to allege sufficient facts to make out either of her state tort actions against . . . employees"); *cf. Ledesma by Ledesma v. Cannonball, Inc.*, 538 N.E.2d 655, 660 (Ill. App. Ct. 1989) ("A negligence cause of action based on *respondeat superior* must allege sufficient facts to establish that the employee owed a duty to plaintiff, that he breached that duty, that the breach proximately caused plaintiff's damages, and that the employee was acting within the scope of his employment during the time the alleged negligence occurred.").

Although Plaintiff references "doctors and other medical professionals, including non-medical professionals," in his amended complaint, (*Id.* ¶ 52), he does not allege facts plausibly suggesting that any of these unnamed individuals failed to adequately diagnose or treat Sudor. Rather, Plaintiff's allegations of malpractice that occurred at ATH are limited to Searles'

7

failure to adequately treat Sudor. (*Id.* ¶¶ 18-20, 23-25.) These allegations as to Searles are insufficient to raise a plausible inference that any person associated with ATH other than Searles caused Sudor's death. *See Moss*, 110 F. Supp. 3d at 886; *McGreal*, 892 F. Supp. 2d at 1018.

Plaintiff also fails to identify any person associated with ATH other than Searles in his Section 2-622 report. (R. 15-4, Section 2-622 Report at 1-3.) Illinois law requires that a medical malpractice complaint be accompanied by a report stating that a qualified and licensed physician has reviewed the lawsuit and determined that it is reasonable and meritorious. 735 ILL COMP. STAT. 5/2-622 (a)(1); *see also Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) (observing that Section 622 "requires the plaintiff to file a physician's certificate of merit and accompanying report with every malpractice complaint"). "No report need be filed," however, "as to any defendant whose claimed liability is wholly vicarious provided that a report in compliance with section 2-622 has been filed as to the individuals whose conduct forms the basis of the vicarious liability." *Schroeder v. Nw. Cmty. Hosp.*, 862 N.E.2d 1011, 1021 (Ill. App. Ct. 2006). Section 2-622 reports are sufficient if they "identify conduct by physicians that are alleged to be agents or apparent agents of [the hospital] . . . and, to the extent that [the hospital] may be held vicariously liable for the acts of unnamed medical professionals, the conduct of those professionals is readily identifiable from the physicians' reports." *Delgado v. United States*, No. 16 C 1899, 2016 WL 7324590, at *6 (N.D. Ill. Dec. 16, 2016); *see also Hall v. Cook Cty.*, No. 14 C 7887, 2015 WL 5950839 (N.D. Ill. Oct. 13, 2015) (With respect to Section 2-622 report, finding it was sufficient because "[t]he report at issue adequately discusses deficiencies in the medical care given by defendants and establishes that a reasonable and meritorious cause exists for filing the action").

8

Because there are no allegations of negligence by any person associated with ATH other than Searles, and the Section 2-622 report lacks any discussion of negligence by anyone else who provided medical care to Sudor at ATH, the Court dismisses the claim against ATH (Count III). *See Ortiz v. United States*, No. 13 C 7626, 2014 WL 642426, at *3 (N.D. Ill. Feb. 19, 2014) (dismissing medical malpractice claim for insufficient Section 2-622 report because the report relied on "general conclusions of malpractice" and failed to "describe what conduct was deficient, why the conduct was deficient, and what alternative conduct might have been appropriate"); *cf. Delgado*, 2016 WL 7324590, at *6. The Court, however, exercises its discretion to dismiss the claim against ATH without prejudice. *See Hahn v. Walsh*, 762 F.3d 617, 633 (7th Cir. 2014) (observing that district courts are given discretion in deciding whether to dismiss with or without prejudice, and that the regular practice is to dismiss without prejudice where there is a deficient Section 2-622 report or affidavit).

Plaintiff argues that there exist facts as to ATH's agents or apparent agents whose negligence caused Sudor's death, and that further discovery would allow Plaintiff "to ascertain . . . the medical professional[s] . . . [who] were involved with [Sudor's] care at [ATH]." (R. 51, Resp. at 4.) If Plaintiff wishes to pursue a claim against ATH based on the negligence of any person other than Searles, Plaintiff may file an amended complaint and amended Section 2-622 report detailing such negligence within the next 60 days, given that this case has been pending for more than a year and Plaintiff has been afforded enough time to discover any individuals associated with ATH who were involved with Sudor's care. *See Smith v. Union Pac. R. Co.*, 474 F. App'x 478, 481 (7th Cir. 2012) (noting that a dismissal should be without prejudice where a plaintiff raises facts that might be able to cure a deficiency in her pleading); *Sherrod*, 223 F.3d at

9

614 (noting that sound exercise of discretion requires that a plaintiff be afforded an opportunity to comply with Section 2-622 before her complaint is dismissed with prejudice).

## CONCLUSION

For the foregoing reasons, ATH's motion to dismiss (R. 32) is GRANTED. ATH is dismissed from this case without prejudice. The Court will allow Plaintiff to proceed with discovery which attempts to sustain a valid claim against ATH. All discovery in this delayed case must be completed by February 28, 2020. If Plaintiff wishes to pursue any claims against ATH, Plaintiff may file an amended complaint and amended Section 2-622 report within the next 60 days.

The parties are ORDERED to appear for a status conference at 9:45 am on October 1, 2019. The parties are also DIRECTED to exhaust all settlement possibilities before the status conference.

ENTERED: _____
**Judge Rubén Castillo**
**United States District Court**

**Dated: August 28, 2019**