File No. 18781 RJG/ESD/MYG                         Atty. No. 39049

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MARCUS RILEY, as Independent Administrator to the estate of CYNTHIA SUDOR, Deceased,<br><br>                    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA ADVOCATE TRINITY HOSPITAL, JACKSON PARK HOSPITAL AND MEDICAL CENTER, RITA MCGUIRE, M.D., AND NASEEM FATIMA, M.D.<br><br>                    Defendants. | Case No. 18-cv-04810 |

**DEFENDANT ADVOCATE HEALTH AND HOSPITALS CORPORATION D/B/A ADVOCATE TRINITY HOSPITAL'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW**

NOW COMES the Defendant, Advocate Health and Hospitals Corporation d/b/a Advocate Trinity Hospital (incorrectly sued as "Advocate Trinity Hospital"), by and through its attorneys, KOMINIAREK BRESLER HARVICK & GUDMUNDSON, LLC, and moves this Honorable Court for dismissal of Plaintiff's Second Amended Complaint at Law under Federal Rule of Civil Procedure 12(b)(6), and in support thereof, states as follows:

**I.  INTRODUCTION/PROCEDURAL HISTORY**

On March 22, 2017, Plaintiff, Marcus Riley, as Independent Administrator to the Estate of Cynthia Sudor, Deceased, filed his Complaint at Law in the Circuit Court of Cook County, County Department, State of Illinois seeking damages for injuries allegedly resulting from healing art malpractice occurring on May 25, 2015. *Plaintiff's Complaint at Law*, attached hereto as Exhibit

1

A. Plaintiff alleged, *inter alia*, that Advocate Trinity Hospital (hereinafter "ATH"), "by and through its agents and/or employees, *who were licensed physicians* (emphasis added)," failed to appreciate signs and symptoms of probable urinary tract infection; failed to order additional tests to determine whether Decedent had same; failed to treat the Decedent's urinary tract infection; and, negligently discharged the Decedent. Id. at pp. 3-4.

On November 3, 2017 a petition for removal pursuant to 42 U.S.C. §233 was filed by the United States. Defendant, Ericka Searles, M.D. was substituted by Defendant USA pursuant to 28 U.S.C.§ 2679(d)(1) of the Federal Tort Claims Act.

On July 13, 2018, Plaintiff filed his complaint in the United States District Court for the Northern District of Illinois. *Plaintiff's Complaint at Law in the Northern District of Illinois,* attached hereto as Exhibit B. Notably, this Complaint alleged negligence only against the United States of America and there were no allegations against ATH; against Dr. Searles as actual or apparent agent of ATH; or against any other claimed agent or employee of ATH. Defendant USA moved for dismissal for Plaintiff's failure to exhaust administrative remedies pursuant to 28 U.S.C. § 2679(d)(5), which was granted by the Court.

On November 2, 2018, Plaintiff filed his First Amended Complaint which named United States of America; Advocate Trinity Hospital; Jackson Park Hospital and Medical Center; Rita McGuire, M.D.; and, Naseem Fatima, M.D. as Defendants. *See Plaintiff's First Amended Complaint at Law*, attached hereto as Exhibit C. The allegations against ATH largely remained the same as their allegations in the State Court Complaint, but now were "by and through its aforestated agents and/or employees" and alleged that ATH failed to appreciate the signs and symptoms of a probable urinary tract infection, failed to order additional testing, failed to treat

2

the urinary tract infection with antibiotics, and, improperly discharged Cynthia Sudor. Id. at p. 9, Count III, ¶ 53.

On January 4, 2019, Defendant ATH filed a Motion to Dismiss pursuant to Supreme Court Rule 12(b)(6) because Plaintiff impermissibly sought to impute liability of Dr. Searles to ATH and failed to have a 2-622 Report to support claims of negligence against ATH's "agents and/or employees." Defendant ATH's Motion was granted by this Court without prejudice on August 28, 2019. *See Court Order,* attached hereto as Exhibit D. Specifically, the Court held that Defendant ATH could not be held liable for Dr. Searles' conduct and that the Plaintiff did not allege facts "plausibly suggesting that any of these unnamed individuals failed to adequately diagnose or treat Sudor." Id. at p. 6-7.

On Defendant 17, 2019, Plaintiff filed a Second Amended Complaint at law, which renewed his claim against ATH. *See Plaintiff's Second Amended Complaint,* attached hereto as Exhibit E. Plaintiff alleges negligence against Defendant ATH "by and through its aforestated agents and/or employees, including the nursing staff and in particular the nurse, Amy Mashburn-Green, RN." Id. at Count II ¶¶ 9-11. Plaintiff filed a new 2-622 Report which stated that "the nursing staff and in particular the nurse, Amy J. Mashburn-Green, RN, at Advocate Trinity Hospital on May 25, 2015, failed to exercise a degree of care and skill ordinarily exercised by nurses generally under the same or similar circumstances and like surrounding conditions and were negligent and/or grossly negligent…" *See 2-622 Report against Advocate Trinity Hospital,* attached hereto as Exhibit F. The author of the Report claims that the nurses, in particular Nurse Mashburn-Green, did not communicate to Dr. Searles that the Decedent had urinary tract infections in prior pregnancies and had two urinary tract infections in her current pregnancy. Id. at ¶¶ 1-2. The author further claims that Nurse Mashburn-Green provided improper discharge

instructions that should have that included a follow-up with the attending physician for a repeat urinalysis as soon as possible, or at most within 2 days, as opposed to within 7 days. Id. at ¶ 3.

The allegations against Nurse Mashburn-Green and ATH in Plaintiff's Second Amended Complaint are now brought four years and nine months since the date of the alleged negligent treatment in 2015. Plaintiff's allegations are untimely and therefore Defendant ATH should be dismissed with prejudice.

## II.     LEGAL STANDARD

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." Richards v. Mitcheff, 696 F.3d 635, 637 (7th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), the complaint must 1) assert a plausible claim and, 2) set forth sufficient factual allegations to support the claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). State law governs the question of what the applicable statute of limitations period is for a diversity medical malpractice action. McKee v. Brady, 1990 U.S. Dist. Lexis 19161, *citing* Erie R.R. Co. v. Tomkins, 304 U.S. 64, (1938).

The applicable limitations period for medical malpractice actions is two years from "the date on which the claimant knew, or through use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action… but in **no event** (emphasis added) shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death." 735 ILCS 5/13-212(a). "A plaintiff's right to bring an action is terminated when the event giving rise to the cause of action does not transpire within the period of time specified in the statute of repose." Evanston Ins. Co. v. Riseborough, 2014 IL 114271, P16 (2014).  "While a statute of limitations defense is not normally part of a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations or statute of repose, the complaint is subject to dismissal for failure to state a claim." Logan v. Wilkins, 644 F.3d 577, 582 (7th Cir. 2011).

### III. ARGUMENT

The alleged injury that gave rise to Plaintiff's Complaint occurred on May 25, 2015 and therefore the Statute of Limitations expired on May 25, 2017 and the Stature of Repose expired on May 25, 2019. Plaintiff filed his original cause of action in the Circuit Court of Cook County on March 22, 2017 and filed his First Amended Complaint against ATH *inter alia* on November 2, 2018. As stated above, at that time, Plaintiff sought to allege ATH was liable "by and through its agents and/or employees…including Dr. Searles". Dr. Searles' purported conduct was the only issue addressed by Plaintiff's First Amended Complaint and the accompanying Certificate of Merit. *See 2-622 Report attached to Plaintiff's First Amended Complaint,* attached hereto as Exhibit F.

Plaintiff claims that Dr. Searles testified at her deposition, which took place after ATH was dismissed, that Nurse Mashburn-Green was involved in the Decedent's care and treatment and allegedly this testimony is the basis for the Second Amended Complaint. Courts have held that "the limitations period does not begin anew each time pretrial discovery reveals that unsued persons may be liable or that other theories of liability may apply." McCorry v. Gooneratne, 332 Ill. App. 3d 935, 943 (2002). Regardless, at least as of the time of his original filing, Plaintiff had in his possession the ATH medical records which contained the names of the nurses who were involved in the Decedent's care and treatment, including Nurse Mashburn-Green, and included the discharge instructions which are now, for the first time, alleged to be improper.

5

Plaintiff's allegations against the nursing staff, including Nurse Mashburn-Green, are predicated on new claims from a different set of facts and do not relate back to the negligence claims in Plaintiff's original Complaint. The original allegations against Defendant ATH's "agents and/or employees" were failing to appreciate signs and symptoms of a probable urinary tract infection, failing to order additional tests, failing to treat the urinary tract infection, and discharging Cynthia Sudor despite her signs and symptoms of a urinary tract infection. *See* Exh. B at Count III, ¶ 53(a) – (d). Notably, these are not nursing functions and nurses would not have been in charge of deciding which tests to order, unilaterally treating the patient with antibiotics absent an order, and deciding when to discharge a patient. The author of the 2-622 Report attached to the First Amended Complaint states that it was <u>these acts by Dr. Searles</u> that "caused or significantly contributed to the injuries, including death, suffered by the decedent who died on July 6, 2015." Exh. F.

In <u>Lawler v. Univ. of Chicago Med. Ctr</u>., 2016 IL App (1st) 143189, P1 (2016), the Court held that the plaintiff's second amended complaint related back to the plaintiff's original Complaint where the defendant was given notice of the facts which predicated the amendment. The Court also found it notable that the plaintiff's amendment was filed within the four-year repose period. <u>Id.</u> at P45. Unlike <u>Lawler</u>, in the case at bar, over 4 years have passed since the date of alleged negligence and Plaintiff has wholly changed the allegations against Defendant ATH.

In <u>Smetzer v. County of La Salle</u>, 53 Ill.App.3d 741 (1977), the plaintiff was involved in an automobile collision and originally filed a complaint based on the county having put a slippery chemical on the road. The plaintiff later attempted to amend the complaint alleging that weeds along the road obstructed her view. <u>Id.</u> The Court barred plaintiff's amendment and held that the

6

amendment involved "totally different conduct by different persons at a different time" and did not relate back. Id. at 745.

Similarly, Plaintiff alleges wholly new negligent conduct which sets up a cause of action growing out of a different occurrence than he original pleaded. Plaintiff now alleges negligence against the "nursing staff in particular the nurse, Amy J. Mashburn-Green, R.N." and their lack of **communication** regarding the Decedent's UTIs from her prior pregnancies, lack of **communication** regarding her UTI during the pregnancy at issue, and improper discharge instructions. Exh. D at Count II pp. 9-11. Where there were previously no allegations or claims of negligence regarding improper communication, now two of the three claims against ATH are solely related to communication. Moreover, the author of the instant 2-622 Report does not claim that the patient should not have been discharged period but rather that Nurse Mashburn-Green provided improper discharge instructions. *See* Exh. E.

An amended complaint relates back only when the original complaint supplies defendant with all the information necessary to prepare the defense to the subsequently asserted claim. Flynn v. Szwed, 224 Ill. App. 3d 107, 108 (1991). Under Fed. R. Civ. P. 15(c), "among the factors to consider in determining whether the amended complaint relates back to the time of filing of the original complaint are whether the defendant received adequate notice of the claim against him and whether Zeh v. Wheeler, 111 Ill. 2d 266, 267 (1986).

In Zeh, the Court held that Plaintiff's amendment was barred by the Statute of Repose and had no relation to the original complaint, as there was nothing that would have put the defendant on notice of the amendment at the time of the original pleading. Zeh, 111 Ill. 2d at 282. The Court held that "to allow the amended complaint to relate back under the circumstances would be to disregard the purpose of a statute of limitations which is to afford a defendant a fair

opportunity to investigate the circumstances upon which liability against him is predicated while the facts are accessible." Id. at 283 *citing* Geneva Construction Co. v. Martin Transfer & Storage Co., 4 Ill. 2d 273, 289-90 (1954).

Similarly, in the case at bar, at the time of Plaintiff's original pleading, on March 22, 2017, the Plaintiff only alleged negligence against ATH physicians. On July 13, 2018, after the matter was removed to the Northern District of Illinois, the Plaintiff abandoned his claim against ATH altogether. On November 2, 2018, Plaintiff's sole allegations against ATH were against "agents and/or employees" including Dr. Searles and involved allegations that could only be imputed to physicians and did not involve nursing functions. On December 17, 2019, only after ATH was dismissed, Plaintiff changed the allegations to comport negligence against nurses. Plaintiff's prior allegations did not give notice that the Plaintiff would later seek to impute liability against ATH nurses including Nurse Mashburn-Green. At this point, over four years since the date of alleged negligence, Defendant ATH would be unfairly prejudiced if the Plaintiff's amendment would be held to relate back such to toll the statute of limitations and repose.

Plaintiff has pleaded no facts in his Second Amended Complaint which would suffice to toll the applicable two-year statute of limitations and four-year statute of repose. Therefore, an action against Nurse Mashburn-Green and the ATH nursing staff should have been filed within two years of May 25, 2015, or on or before May 25, 2017. The allegations against Nurse Mashburn-Green and the ATH nursing staff were not pled until December 19, 2019, approximately 2 years and 7 months beyond the two-year Statute of Limitations and 7 months beyond the four-year Statute of Repose. As such, these claims must be barred and Defendant ATH dismissed with prejudice.

## IV. CONCLUSION

Plaintiff has failed to timely advance a claim upon which relief can be granted against Defendant ATH. Therefore, Defendant ATH's Motion to Dismiss should be granted and Plaintiff's claim dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 735 ILCS 5/13-212.

WHEREFORE, Defendant, Advocate Health and Hospitals Corporation d/b/a Advocate Trinity Hospital (incorrectly sued as "Advocate Trinity Hospital"), respectfully requests this Court grant its Motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) and 735 ILCS 5/13-212 and for other such relief as it deems just.

Respectfully submitted,

**KOMINIAREK BRESLER HARVICK & GUDMUNDSON, LLC**

By: /s/ Melissa Gandhi
Attorney for Defendant, ADVOCATE HEALTH AND HOSPITALS CORPORATION d/b/a ADVOCATE TRINITY HOSPITAL

Randy J. Gudmundson
Erin S. Davis
Melissa Y. Gandhi
**KOMINIAREK, BRESLER, HARVICK & GUDMUNDSON, LLC**
33 North Dearborn Street, Suite 1310
Chicago, Illinois, 60602
(312) 322-1111

9