IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS RILEY, as independent administrator to the estate of Cynthia Sudor, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES of AMERICA, *et al.*,<br><br>    Defendants. | Case No. 18-cv-4810<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM ORDER AND OPINION**

Marcus Riley, as the independent administrator of Cynthia Sudor's estate, brings this lawsuit alleging claims under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, against the United States and state law medical malpractice claims against the other defendants. Presently before the Court is defendant Advocate Health and Hospitals Corporation, d/b/a Advocate Trinity Hospital's motion to dismiss the second amended complaint as untimely. For the following reasons, the Court denies defendant's motion.

**Background**[1]

On May 25, 2015, Sudor, who was pregnant, went to Advocate Trinity Hospital ("ATH") for treatment concerning a urinary tract infection and vaginal bleeding. At that time, Sudor was under the care of Ericka Searles, M.D., a licensed physician and employee of the United States. Plaintiff alleges that Dr. Searles improperly treated Sudor's urinary tract infection by failing to order additional tests and prescribe antibiotics. Plaintiff alleges that ATH through Dr. Searles and its

---

[1] On September 30, 2019, the Executive Committee reassigned this case to the Court after the retirement of Judge Castillo, who dismissed Advocate Health and Hospitals Corporation as a defendant from this lawsuit on August 28, 2019. In that order, Judge Castillo also granted plaintiff leave to file an amended complaint. The Court presumes familiarity with the August 2019 ruling.

nursing staff prematurely discharged Sudor despite her symptoms. On May 30, Sudor went to another hospital in Chicago where different medical professionals treated her. The next day, Sudor returned to ATH with a fever, chills, and back pain. She was placed in the Intensive Care Unit with acute respiratory distress syndrome and E. coli pyleonephritis as a result of her untreated urinary tract infection. On June 9, she was transferred to a hospital in Oak Lawn, Illinois because she was in cardiogenic shock. Sudor died on July 6, 2015.

In the second amended complaint, plaintiff brings his negligence claim against ATH based on the conduct of its agent, Amy J. Mashburn-Green, R.N. Plaintiff alleges that Mashburn-Green failed to communicate facts from the medical record to the attending physician, Dr. Searles, and failed to provide Sudor with proper discharge instructions on May 25, 2015. Because plaintiff's new allegations come after the statute of limitations and repose have run, *see* 735 ILCS 5/13-212(a), at issue is whether these new allegations relate back to the original complaint that was filed within the limitations period.

**Legal Standard**

"Under Illinois law as under federal law, an amendment relates back when it arises out of the same transaction or occurrence set up in the original pleading." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 515 (7th Cir. 2011) (citation omitted); Fed. R. Civ. P. 15(c)(1)(B). "The central inquiry under Rule 15(c) is whether the original complaint 'gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one.'" *Supreme Auto Transport, LLC v. Arcelor Mittal USA, Inc.*, 902 F.3d 735, 741 (7th Cir. 2018) (citation omitted). Even significant changes to the allegations "can relate back so long as the defendant had fair notice of the substance of the new allegations from the outset." *Id.* Whether to allow amendment under Rule 15 is within the Court's

discretion. *Springman v. AIG Mktg., Inc.,* 523 F.3d 685, 690 (7th Cir. 2008) ("[E]ven when the conditions for relation back are satisfied, a request to allow the complaint to be amended is addressed to the judge's discretion.").

**Discussion**

In its motion, ATH argues that in the original complaint plaintiff alleged that ATH was negligent "by and through its agents and/or employees, who were licensed physicians," and that because the nursing staff was not mentioned, the new allegations do not relate back to the timely-filed complaint. In other words, ATH asserts that the new allegations against the nursing staff are predicated on a different set of facts amounting to a different occurrence that does not relate back to the original complaint filed in March 2017.

Here, the relevant occurrence concerns the alleged medical malpractice surrounding the treatment Sudor received at ATH on May 25, 2015. Plaintiff alleges that Mashburn-Green failed to communicate facts from Sudor's medical record to Dr. Searles, including that Sudor had two prior urinary tract infections during her pregnancy. This occurrence is not wholly distinct as ATH suggests, but the exact same occurrence on the same date resulting in the same injury. *See Porter v. Decatur Mem'l Hosp.*, 882 N.E.2d 583, 593, 317 Ill. Dec. 703, 713, 227 Ill.2d 343, 360 (Ill. 2008) ("a new claim will be considered to have arisen out of the same transaction or occurrence and will relate back if the new allegations as compared with the timely filed allegations show that the events alleged were close in time and subject matter and led to the same injury."). And, there should be no surprise to ATH that medical staff other than physicians might be liable, especially because ATH admits that its own medical records contain the names of the nurses involved in Sudor's treatment on May 25, 2015, including Mashburn-Green. ATH further acknowledges that its medical records contain the discharge instructions at issue in the second amended complaint.

Also, that Mashburn-Green's alleged misconduct includes miscommunications with Dr. Searles is too insignificant of a difference from Dr. Searles' treatment of Sudor as the attending physician to support ATH's argument that it is not the same occurrence. In short, ATH's arguments fail under both federal and Illinois law. *Henderson v. Bolanda,* 253 F.3d 928, 932 (7th Cir. 2001) ("if state law 'affords a more forgiving principle of relation back than the one provided [by Rule 15], it should be available to save the claim.'") (citation omitted).

**Conclusion**

Based on the foregoing, the Court denies defendant's motion to dismiss. [72].

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: 4/17/2020